Julie SYNSTELIEN, Appellant,

v.

STATE FARM AUTOMOBILE INSUR-
ANCE COMPANY, American Family
Insurance Company, Respondents.

No. C8–87–1629.

Court of Appeals of Minnesota.

Feb. 2, 1988.
Review Granted April 4, 1988.

H.M. Kershner, Rufer & Hefte, Fergus
Falls, for Julie Synstelien.

Thomas Leo Garrity, Cahill & Maring,
Moorhead, for State Farm Automobile In-
surance Company.

David L. Stowman, Detroit Lakes, for
American Family Ins. Co.

Heard, considered and decided by
NIERENGARTEN, P.J., and LANSING
and IVERSON*, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Julie Synstelian brought this
suit against respondents State Farm Mutu-
al Automobile Insurance Company (State
Farm) and American Family Insurance
Company (American Family) for underin-
sured motorist (UIM) benefits. The trial
court granted the insurance carriers sum-
mary judgment and Synstelian appeals.
We reverse and remand.

## FACTS

In August 1986, Synstelian was injured
when the car in which she was a passenger
went off the road. The car was driven by
Rodney Johnson and owned by Dyrald
Ryckman.

At the time of the accident, the following
coverage was in effect:

Synstelian had $50,000 in UIM cover-
age from State Farm;

Johnson had $30,000 (per person) in
liability coverage from Auto Owner's In-
surance Company; and

Ryckman had $30,000 in UIM coverage
and $30,000 (per person) in liability cover-
age from American Family.

Synstelian brought this action for pri-
mary UIM coverage from American Family
and excess UIM coverage from State Farm.
She has not settled with or sued any tort-
feasor. Her complaint alleges that her

---

* Acting as judge of the Court of Appeals by ap-   pointment pursuant to Minn. Const. art. 6, § 2.

damages exceed the liability insurance limits available to Johnson and Ryckman, and she seeks $25,000 from each respondent.

Both insurance carriers moved for summary judgment. State Farm argued that Synstelian was required to settle her liability claims before seeking UIM benefits. American Family argued its policy validly excluded UIM coverage for passengers in cars owned by Ryckman. The trial court agreed with both contentions and dismissed the suit. We reverse and remand.

## ISSUES

1. Must appellant exhaust liability coverage before pursuing UIM coverage?

2. Is a policy provision excluding UIM coverage for occupants in vehicles owned by the named insured valid under Minn. Stat. § 65B.49 (1986)?

## ANALYSIS

### I.

State Farm's argument, and the trial court's decision, that exhaustion of liability coverage is required before UIM benefits can be received is based on 1985 amendments to Minn.Stat. § 65B.49. That year the legislature passed conficting bills, some requiring exhaustion, some not, and some purporting to repeal others. *See* 1985 Minn. Laws ch. 168, § 11; 1985 Minn. Laws 1st Spec. Sess. ch. 10, §§ 68, 123, ch. 13, § 191.

■ The issues of which amendments are effective and whether exhaustion is required were recently resolved by this court. In *Broton v. Western National Mutual Insurance Co.*, 413 N.W.2d 829 (Minn.Ct.App.1987), pet. for rev. granted (Minn. Dec. 23, 1987) this court held: "[T]here is no requirement the injured person exhaust underlying liability coverage before pursuing a UIM claim." *Id.* at 831. *Broton* requires reversal of the summary judgment granted State Farm.

### II.

■ The American Family policy defines "insured person" to include anyone occupy-

ing the insured car. American Family was granted summary judgment, however, based on the following policy provision, commonly known as a "family auto" exclusion:

*Underinsured motor vehicle * * * does not mean a vehicle * * * [o]wned by you [Ryckman] * * *.*

Synstelian argues the exclusion is invalid because it conficts with UIM coverage mandated by the no-fault act. We agree.

When the no-fault act became effective in 1975, insurers were required to offer optional UIM coverage. Minn.Stat. § 65B.49, subd. 6(e) (1974). This provision was repealed in 1980. 1980 Minn. Laws ch. 539. The statute remained silent as to UIM coverage until the 1985 amendments to section 65B.49.

The 1985 amendments created Minn.Stat. § 65B.49, subd. 3a, which governs UIM and uninsured motorist (UI) coverage. 1985 Minn. Laws 1st Spec. Sess. ch. 10, § 68. The statute now requires UIM and UI coverage. Minn.Stat. § 65B.49, subd. 3a(2) (1986). It establishes the following priorities for such coverage, in part:

If at the time of the accident the injured person is occupying a motor vehicle, *the limit of liability* for uninsured and underinsured motorist coverages available to the injured person *is the limit specified for that motor vehicle.* However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured.

Minn.Stat. § 65B.49, subd. 3a(5) (1986) (emphasis added). Under this provision, primary UIM coverage for injured occupants is provided by the policy covering the vehicle, since that policy provides the limits of coverage. If the occupants are not insureds under that policy, they can seek excess coverage from policies on which they are insureds.

The family auto exclusion in the American Family policy conflicts with this coverage scheme. The exclusion precludes an occupant in a car covered by the policy (such as Synstelian) from recovering UIM

benefits under the policy. Yet under subdivision 3a(5), that policy provides coverage.

Since the exclusion precludes coverage mandated by the no-fault act, it is invalid and unenforceable. *See Burgraff v. Aetna Life & Casualty Co.*, 346 N.W.2d 627 (Minn.1984). Also, a prior amendment that was repealed in favor of the current subdivision 3a(5) contained essentially the same provisions, but began with, "Unless the language of the policy provides otherwise * * *." 1985 Minn. Laws 1st Spec. Sess. ch. 168, § 11. The legislature's rejection of this language shows an intent to require policies to conform with subdivision 3a(5)'s provisions.

American Family contends subdivision 3a(5) determines only which policy's limits apply, not which policy provides coverage. By providing that the policy covering the vehicle establishes the limit of liability, however, the statute establishes that coverage is available under that policy. One policy cannot set limits on benefits recoverable under an unrelated policy.

For example, assume a person purchases $25,000 worth of UIM coverage and is injured while occupying another's vehicle, which is covered under a policy providing $50,000 of UIM coverage. Assume further that the occupant is an insured under the policy covering the vehicle and has sustained underinsured damages exceeding $50,000. The statute provides that the limit of UIM coverage available to the occupant is $50,000—the limit specified for the vehicle. Under American Family's reading, however, UIM coverage would be provided by the occupant's policy, so the occupant would be entitled to collect $50,000 under a policy providing coverage of $25,000. Quite obviously, the carrier of the occupant's policy would be somewhat startled to discover it was required to pay out $50,000 on a $25,000 limit. Such a reading of the statute is untenable.

American Family also relies, as did the trial court, on two cases decided before subdivision 3a was enacted. In *Myers v. State Farm Mutual Automobile Insurance Co.*, 336 N.W.2d 288 (Minn.1983), the supreme court upheld an identical policy exclusion. It reasoned that to allow an occupant to collect UIM benefits from the policy covering the vehicle involved in the accident would convert UIM insurance into third-part liability insurance. *Id.* at 291. *Myers* was decided before the passage of subdivision 3a(5), however, and therefore it is not applicable to the issue of whether the exclusion is valid under subdivision 3a(5).

American Family also cites *Meyer v. Illinois Farmers Insurance Group*, 371 N.W. 2d 535 (Minn.1985). There, an injured occupant sought UIM benefits under Minn.Stat. § 65B.49, subd. 6(e) (1978) (since repealed), which required insurers to offer UIM coverage. The supreme court held that the injured occupant was not entitled to UIM coverage from the policy covering the vehicle that crashed, because the statute referred to the liability limits of the owner of the "other vehicle." *Id.* at 536. *Meyer* is not applicable because we are applying entirely different statutory provisions.

### DECISION

The trial court erred in granting State Farm summary judgment because, under *Broton*, exhaustion of liability coverage is not required for collection of UIM benefits.

The trial court erred in granting American Family summary judgment based on the the exclusion for vehicles owned by Ryckman because the exclusion conflicts with Minn.Stat. § 65B.49, subd. 3a (1986).

Reversed and remanded.