Lonnie Wayne THOMMEN, Respondent,

v.

ILLINOIS FARMERS INSURANCE COMPANY, Appellant,

American Family Insurance Group, Intervenor.

No. C3–88–513.

Supreme Court of Minnesota.

March 31, 1989.

Brett W. Olander, St. Paul, for appellant.

William R. Sieben, Mpls., for respondent.

Patrick A. Flynn, Mpls., for intervenor.

COYNE, Justice.

Illinois Farmers Insurance Company appealed from an order confirming an arbitration award in favor of its named insured, Lonnie Wayne Thommen, in the amount of $30,000, the per person limit of underinsured motorist coverage afforded by the Illinois Farmers policy. On certification by the court of appeals this court accepted accelerated review. We affirm in part, reverse in part, and remand for further proceedings in conformity with this opinion.

On January 31, 1986, Thommen and another person were passengers in an automobile owned and operated by Todd Kirschbaum when the Kirschbaum vehicle crossed the center line of the highway and collided head-on with another automobile.

The Kirschbaum automobile was insured by American Family Insurance Group pursuant to a policy providing liability insurance to limits of $30,000 per person and $60,000 per accident and underinsured motorist coverage (UIM) with the same limits of $30,000 per person and $60,000 per accident. American Family offered Thommen, who was injured in the accident, the sum of $20,000 in settlement of his claim. Thommen did not respond to American Family's offer. Instead, Thommen pursued an UIM claim against his own insurer, demanding arbitration when Illinois Farmers denied his claim. On Thommen's application the district court ordered the parties to proceed to arbitration.

The arbitrators awarded Thommen $30,-000 in UIM benefits over and above all no-fault benefits and all sums for which American Family might be liable pursuant to the liability and UIM coverages provided by Kirschbaum's policy. Illinois Farmers applied to the district court for an order vacating the arbitration award or, in the alternative, modifying and correcting the award and determining that American Family is the insurer primarily obligated for the payment of UIM benefits and that Illinois Farmers has no liability for the payment of UIM benefits to Thommen. Thommen sought confirmation of the award. The district court confirmed the award, and Illinois Farmers appealed. On certification by the court of appeals, prompted by the then pendency before this court of *Broton v. Western National Mut. Ins. Co.*, 428 N.W.2d 85 (Minn.1988), we accepted review of this case.

The common issue presented by *Broton* and this case is, of course, the effect of the 1985 amendments to the Minnesota No–Fault Automobile Insurance Act on the maximum liability of insurers for UIM coverage.[1] The decision in *Broton* governs that issue here:

1. The relevant amendments applied to Kirschbaum's American Family policy which took effect on November 6, 1985, after the effective dates of the statutory amendments to Minn.Stat. § 65B.49. *See* Act of May 21, 1985, ch. 168, § 14, 1985 Minn.Laws 455, 460 (subd. 4a applies to policies that take effect after June 30, 1985); Act of June 27, 1985, ch. 10, § 125, 1985 Minn. Laws 1st Spec.Sess. 1781, 1872 (subd. 3a applies to policies that take effect after Sept. 30, 1985). The parties failed, however, to include the Illinois Farmers policy in the record, but since neither party disputes that the amendments ap-

We hold that the maximum liability of the insurer with respect to underinsured motorist coverage is the lesser of the difference between the limits of UIM coverage set out in the policy declarations or schedules and the amount which has been paid or will be paid to the insured by or for the tortfeasor or tortfeasors, or the amount of damages sustained but not recovered.

428 N.W.2d at 90. Inasmuch as the per person limit of the UIM coverage under both the Illinois Farmers and American Family policies is $30,000, it is apparent that, whichever is the applicable policy, Thommen's entitlement to UIM benefits is limited to the difference between $30,000 and the amount which has been or will be paid to him by or for the tortfeasor or tortfeasors.

The unresolved question, then, is which insurer is liable for any UIM benefits to which Thommen may be entitled. Illinois Farmers contends that Thommen's claim lies against American Family and not against Illinois Farmers. As Illinois Farmers accurately points out, we have observed that the 1985 amendments "reflect a broad policy decision to tie uninsured[2] motorist and other coverage to the particular vehicle involved in an accident." *Hanson v. American Family Mut. Ins. Co.*, 417 N.W. 2d 94, 96 (Minn.1987). The basis for the observation is found at Minn.Stat. § 65B.49, subd. 3a(5) (1986), which codifies the order of priority of uninsured and underinsured coverage adopted in *Integrity Mut. Ins. Co. v. State Auto. & Casualty Underwriters Ins. Co.*, 307 Minn. 173, 178–79, 239 N.W.2d 445, 448–49 (1976). Minn. Stat. § 65B.49, subd. 3a(5) (1986) provides in relevant part as follows:

> If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured. The excess insurance protection is limited to the extent of covered damages sustained, and further is available only to the extent by which the limit of liability for like coverage applicable to any one motor vehicle listed on the automobile insurance policy of which the injured person is an insured exceeds the limit of liability of the coverage available to the injured person from the occupied motor vehicle. * * * *

Clearly, the statute requires Thommen, as an occupant of Kirschbaum's automobile, to look first to the UIM coverage afforded by the American Family policy issued to Kirschbaum. The American Family UIM coverage endorsement includes in the definition of **insured person** anyone **occupying your** [Kirschbaum's] **insured car.** (Emphasis in original.) Although Thommen's occupancy of the Kirschbaum vehicle makes him an "insured person," the policy goes on to define an **underinsured motor vehicle** as

> a **motor vehicle** which **is** insured by a liability bond or policy at the time of the accident which provides **bodily injury** liability limits less than the damages an **insured person** is legally entitled to recover. **Underinsured motor vehicle,** however, does not mean a vehicle:
>
> a. * * *
>
> b. Owned by or furnished or available for the regular use of **you** [Kirschbaum] or any resident of **your** household.

(Emphasis in original). Kirschbaum's automobile, then, does not meet American Family's policy definition of an "underinsured motor vehicle," and if Kirschbaum's negligence was the sole cause of the accident, that policy affords no UIM coverage—unless, as Illinois Farmers contends, the poli-

---

plied to that policy, we, too, deem them applicable.

**2.** Minn.Stat. § 65B.49, subd. 3a(1) (1986) states that uninsured and underinsured motorist coverages are to be regarded as a single coverage.

cy definition is invalid.[3] In *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288, 291 (Minn.1983), this court held that the exclusion of a car owned by the named insured from the definition of "underinsured motor vehicle" does not violate the Minnesota No–Fault Automobile Insurance Act. Illinois Farmers argues that the enactment of Minn.Stat. § 65B.49, subd. 3a(5) invalidates the *Myers* decision.[4] We disagree. The statutory order of application of UIM coverage carries forward that established by judicial decision. Although the statutory limitation of the UIM carrier's maximum liability by eliminating the calculation of UIM coverage on an "add-on" basis and precluding the stacking of UIM coverage certainly worked a substantial change in the amount of UIM benefits to which some insureds were entitled, section 65B.49, subd. 3a(5) does not purport to change the fundamental character of UIM coverage. Accordingly, the rationale for the *Myers* decision is equally valid today: to hold the insurer liable to pay damages resulting from the negligent use of the insured motor vehicle pursuant to both the liability coverage and the UIM coverage is to convert the first-party UIM coverage into third-party insurance, "treating it essentially the same as third-party liability coverage." *Myers*, 336 N.W.2d at 291. Moreover, the statutory recognition that the injured person may not be insured by the policy covering the motor vehicle which the injured person occupies indicates legislative approval of the continued viability of the *Myers* decision. We hold, therefore, that the UIM coverage of Thommen's Illinois Farmers policy is the source of any excess insurance protection to which Thommen may be entitled.

■ Illinois Farmers resists exposure to UIM liability on the ground that Thommen is not entitled to excess insurance protection because the $30,000 per person limit of the Illinois Farmers UIM coverage does not exceed the $30,000 per person limit of the American Family liability coverage. That the policy limits of the Illinois Farmers and American Family policies coincide does not, however, insulate Illinois Farmers from liability with respect to UIM coverage. Whether American Family's $20,000 settlement offer exhausted the limits of its liability coverage[5] or was inspired by the possibility, however remote, of settling the matter for less than the policy limits is not apparent from the record. Hence, any attempt to fix the extent of Illinois Farmers' liability, if any, with respect to Thommen's claim for UIM benefits is premature. We note, however, that in *Broton* we pointed out that Minn.Stat. § 65B.49, subd. 4a (1986) sets the UIM insurer's maximum liability by reference to the "amount paid" the insured by or for the tortfeasor and that an insured who communicates the tortfeasor's settlement offer to the UIM insurer may be entitled to recover the difference between the limit of the tortfeasor's liability limit and the settlement amount from the UIM insurer. *Broton*, 428 N.W.2d at 90. *See also Schmidt v. Clothier*, 338 N.W.2d 256, 262–63 (Minn.1983), regarding a UIM insurer's options on receipt of notice of settlement offer.

■ In *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn. 1988), we held that "in the area of automobile reparation, arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts." Ac-

---

3. The record does not reveal any claim that the driver of the other vehicle involved in the collision was causally negligent. Only Kirschbaum's negligence was at issue in the arbitration proceedings, and the district court found as fact that the accident was caused solely by the negligence of Kirschbaum. The finding is not contested on appeal.

4. Illinois Farmers' argument is grounded on *Synstelien v. State Farm Auto. Ins. Co.*, 418 N.W. 2d 530 (Minn.App.1988), *rev. granted* (Minn. Apr. 4, 1988). Following issuance of the deci-

sion in *Broton*, the case was remanded to the court of appeals. Before any further proceedings on remand, the appeal was dismissed pursuant to the parties' stipulation.

5. Since there are at least three possible claimants—Thommen, the other passenger in the Kirschbaum car, and the driver of the other vehicle—the $20,000 offer may represent either an equitable division or the remaining balance of American Family's $60,000 per accident limit of liability insurance.

cordingly, the arbitrators' determination that Thommen was legally entitled to recover damages for bodily injury in excess of $30,000 was properly confirmed by the district court. To the extent, however, that the arbitrators interpreted the law governing automobile reparations—i.e., the Minnesota No–Fault Automobile Insurance Act— by awarding Thommen the sum of $30,000 over and above the liability and UIM coverage limits of American Family Insurance Group, they exceeded their authority, and the district court erred in confirming the award against Illinois Farmers. Although Illinois Farmers is liable for any excess insurance protection to which Thommen is entitled, its liability is limited to the difference between its $30,000 per person UIM coverage limit and the amount which has been paid Thommen by or on behalf of Kirschbaum.

Affirmed in part, reversed in part, and remanded for further proceedings in conformity with this opinion.

KEITH, J., took no part in the consideration or decision of this case.