Roger JENSEN as Parent and natural guardian of Katie Jensen, Appellant,

v.

UNITED FIRE AND CASUALTY COMPANY, National Farmers Union Property and Casualty Company, Respondents,

State Farm Mutual Automobile Insurance Company, Defendant.

No. C9–94–1383.

Court of Appeals of Minnesota.

Dec. 6, 1994.

Review Denied Feb. 3, 1995.

Paul D. Peterson, Daniel J. Trudeau, King & Hatch, P.A., St. Paul, for National Farmers Union, Property and Cas. Co.

Considered and decided by HUSPENI, P.J., and DAVIES and MULALLY,* JJ.

## OPINION

DAVIES, Judge.

Appellant Roger Jensen challenges summary judgment for respondent insurance carriers in his declaratory judgment action seeking underinsured motorist benefits. We affirm.

## FACTS

In September 1990, 12–year–old Katie Jensen was severely injured when the pickup in which she was riding was involved in a single-vehicle accident. The pickup was being used socially and was driven by Katie's 16–year–old sister, Shanna Jensen. It was owned by Dennis Harker, the father of a friend. Shanna was driving the pickup with Harker's permission.

Although Katie had no insurance in her own name, three insurance policies potentially covered the accident: (1) State Farm Mutual Automobile Insurance Company (State Farm) had issued a policy that covered Harker as *owner* of the pickup; (2) respondent National Farmers Union Property & Casualty Company (Farmers Union) had issued Shanna's father, Roger Jensen, a family/personal policy that covered Shanna as *driver* of the pickup; and (3) respondent United Fire & Casualty (United Fire) had issued a *commercial* insurance policy to "Eagle Excavating Jensen Roger dba." State Farm conceded coverage and tendered its liability limit of $100,000 on behalf of Harker as the owner of the pickup. Likewise, Farmers Union tendered its liability limit of $100,000 on behalf of Shanna Jensen as the driver.

Because Katie's injuries were still not fully compensated, appellant Roger Jensen filed this declaratory judgment action on behalf of his daughter. The action seeks a declaration

Jeffrey P. Oistad, Colleen M. Christianson, Meshbesher & Spence, Ltd., St. Cloud, for appellant.

Theodore J. Smetak, Katherine L. MacKinnon, Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, for United Fire and Cas. Co.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

as to underinsured motorist (UIM) benefits under his two policies: (1) his family/personal policy with Farmers Union, which provided $100,000 of UIM coverage; and (2) his commercial policy with United Fire, which provided $300,000 of UIM coverage.

All three parties moved for summary judgment, which the district court granted on behalf of both respondent insurance companies. Jensen appeals.

## ISSUES

I. Did the district court err in holding that Farmers Union, having paid appellant's liability claim, is not also liable on appellant's UIM claim?

II. Did the district court err in holding that the United Fire commercial policy does not cover appellant's UIM claim?

## ANALYSIS

■ On appeal from summary judgment, this court determines whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992). Interpretation of insurance policy language based on undisputed underlying facts is a question of law, *Magnetic Data, Inc. v. St. Paul Fire & Marine Ins.*, 442 N.W.2d 153, 155 (Minn.1989), as is statutory construction, *Sorenson v. St. Paul Ramsey Medical Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

## I. Farmers Union Policy

The parties agree that Katie Jensen is an additional insured under the Farmers Union family policy. They disagree, however, on the interpretation of the policy's reducing clause, which provides that "[a]ny [UIM] amounts payable will be reduced by: * * * Any payment under the Liability Coverage of this policy."

### A. Reducing Clause Argument

■ Farmers Union contends the district court properly entered summary judgment in its favor because the reducing clause specifically decreases the available UIM coverage by the amount of any liability insurance proceeds paid to that party under the same policy. We agree.

Here, the $100,000 limit of UIM coverage must be reduced by the $100,000 liability coverage that Farmers Union already paid to Katie on behalf of the driver—which leaves a balance of zero.[1]

As Farmers Union argues, the reducing clause is in accord with established case law that prevents converting first-party UIM coverage into additional third-party liability coverage. *See Thommen v. Illinois Farmers Ins.*, 437 N.W.2d 651, 653–54 (Minn.1989) (under policy terms, single-car accident victim may not recover liability *and* UIM benefits under same policy); *Myers v. State Farm Mut. Auto. Ins.*, 336 N.W.2d 288, 291 (Minn.1983) (denying coverage because it would convert "first-party" UIM coverage into "third-party insurance").

■ Jensen argues that *Myers* does not apply here because there is no policy provision that defines "an underinsured motor vehicle as excluding a vehicle owned by or furnished for the regular use of the named insured." He cites *Petrich v. Hartford Fire Ins.*, 427 N.W.2d 244, 245 (Minn.1988) (denying coverage pursuant to *Myers* on the ground that "the same person owns the at-fault vehicle and the policy under which the injured claimant seeks first-party coverage").

But *Myers* was designed to apply to all those cases where, as here, first-party UIM would otherwise be converted into third-party liability coverage—regardless of the policy's definition of an "underinsured vehicle." The supreme court explained in *Petrich* that

---

1. To protect against its own potential liability, United Fire also seeks to put responsibility on Farmers Union by arguing that the district court "complete[ly] misread" the Farmers Union policy by automatically concluding that the "amounts payable"—as used in the reducing clause—is equal to the $100,000 "liability lim-

its." But the policy specifically states that "[i]n no event shall our liability be more than the [$100,000] limits shown on the declarations." Thus, the "amounts payable" under the Farmers Union UIM coverage could still not *exceed* the $100,000 already paid to Katie in liability coverage.

*Myers* * * * rests on the principle that vehicle owners may not purchase first party coverage and expect it to function as liability protection.

427 N.W.2d at 246. That rationale applies precisely to the facts presented here.

■ Jensen also argues that the reducing clause should be ignored because the 1989 Minnesota Legislature amended the no-fault act to change UIM coverage to "add-on" coverage rather than "difference of the limits" coverage. 1989 Minn.Laws ch. 213, § 2; 1989 Minn.Laws ch. 356, § 20. But the 1989 amendment is irrelevant under these facts. Farmers Union is not attempting to use liability payments by *other* tortfeasors to reduce the available UIM coverage—which is what the legislature's "add-on" amendment sought to avoid. *See Neuman v. State Farm Mut. Auto. Ins.*, 492 N.W.2d 530, 532–33 (Minn.1992) (explaining distinction between "difference of limits" and "add-on" coverages). Rather, the limitation here is based on the relevant policy's explicit language that excludes recovery when there has been a previous liability payment *under that same policy.*

Jensen finally challenges the district court's rationale that he could have (or should have) purchased more liability insurance if he had wanted extended coverage for Katie's injuries. *See Linder v. State Farm Mut. Auto. Ins.*, 364 N.W.2d 481, 483 (Minn. App.1985) (holding that UIM coverage is not designed to relieve insured from failure to purchase adequate liability insurance), *pet. for rev. denied* (Minn. May 1, 1985). Jensen argues that he did not control the purchase of liability insurance for the pickup truck. But Jensen did control the amount of liability insurance that policy provided for the *driver* of the pickup truck, Shanna Jensen, and he could have increased that coverage by purchasing a larger policy.

### B. United Fire's Argument Against Farmers Union

Respondent United Fire (seeking to shift the coverage burden) also challenges summary judgment in favor of Farmers Union. United Fire contends that the Farmers Union policy "is the appropriate policy to respond to this claim" because *Thommen* holds that "determining which UIM policy might provide coverage * * * should be done by applying the priority-determining principles developed in *Integrity Mutual Insurance Co. v. State Automobile & Casualty Underwriters Ins.*, 307 Minn. 173, 239 N.W.2d 445 (1976)" and Farmers Union would be liable under an *Integrity Mutual* analysis.

But United Fire's reading of *Thommen* is simply wrong. *Thommen* does not hold that determining UIM coverage requires a closeness-to-the-risk analysis. Rather, *Thommen* only requires that the injured person first seek UIM coverage from the vehicle that was involved in the accident. 437 N.W.2d at 653. Here, although that was done with respect to liability coverage, the parties all agree that Katie is not eligible for UIM benefits under the policy covering the pickup. The question now is whether she has UIM coverage under the policy covering the driver. Thus, United Fire's challenge to the granting of summary judgment in favor of Farmers Union fails.

### II. United Fire Policy

■ The district court granted summary judgment in favor of United Fire because United Fire had issued a commercial policy and Katie was injured while occupying a non-scheduled vehicle on a private errand. *See Mikulay v. Home Indem. Co.*, 449 N.W.2d 464, 466–67 (Minn.App.1989) (holding generally, "an individual occupying a non-scheduled vehicle is not an insured for coverage under a commercial automobile policy issued to a business"), *pet. for rev. denied* (Minn. Feb. 21, 1990). Jensen argues Katie was an insured for UIM benefits under the United Fire policy. We disagree.

With respect to UIM coverage, the policy states:

> We will pay all sums the *"insured"* is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured" or "underinsured motor vehicle" caused by an "accident."

(Emphasis added.) The declarations page identifies the "Named insured" in the following manner:

EAGLE EXCAVATING

JENSEN ROGER DBA

The policy then describes an "insured" as:

1. You.

2. *If you are an individual,* any "family member."

(Emphasis added.)

Eagle Excavating, the named insured in this "commercial" policy, is not an individual; it is a business. Hence, the policy does not apply to Katie Jensen and summary judgment for United Fire was proper.

### DECISION

The district court properly granted summary judgment for the insurance companies in appellant's declaratory judgment action seeking underinsured motorist benefits.

**Affirmed.**