**AMCO INSURANCE COMPANY,**
Appellant,

v.

**Daisie ASHWOOD–AMES, Insurance Company of North America,**
Respondents.

No. C7–95–436.

Court of Appeals of Minnesota.

Aug. 1, 1995.

Review Denied Sept. 28, 1995.

George C. Hottinger, Thomas H. Schaefer, Erstad & Riemer, P.A., Minneapolis, for appellant.

Sharon L. Van Dyck, Mark L. Pfister, Schwebel, Goetz, Sieben & Moskal, Minneapolis, for respondent Ashwood–Ames.

Andrea M. Nelson, Lawrence Hayes & Associates, Eagan, for respondent Ins. Co. of North America.

Considered and decided by NORTON, P.J., and HUSPENI and SCHULTZ,* JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

Appellant AMCO Insurance Company appeals the trial court's confirmation of a no-fault arbitrator's decision to allow benefits to respondent Daisie Ashwood–Ames. Because the trial court improperly deferred to the arbitrator's decision that an accident had occurred, we reverse and remand.

## FACTS

Appellant AMCO Insurance Company (AMCO) denies automobile insurance coverage for an incident involving respondent Dai-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

sie Ashwood–Ames (Ashwood–Ames). When Ashwood–Ames initially applied for personal injury benefits, AMCO provided coverage. After AMCO conducted its investigation, however, it denied coverage and filed an action to recover the benefits it had paid.

On August 6, 1993, at about 2:30 p.m., Ashwood–Ames was driving east in her Ford Taurus on Crosstown Highway 62, just past the 35W interchange. She claims that a truck operated by Harry Ernest Marsh entered her lane, forcing her into the exit lane and striking the back side of her car.

During its investigation, AMCO interviewed Marsh. In describing the incident, Marsh stated that he thought that he had enough space to safely enter the lane in front of Ashwood–Ames' car. After he signaled and changed lanes, however, he saw her car on the highway shoulder, along the right side of his truck. He became concerned that the shoulder was going to end. He eventually exited to the right, onto Highway 77 (Cedar Avenue), but felt no contact with the vehicle. Just south of 494, traveling south, Marsh noticed the car again. Ashwood–Ames approached on his left, gesticulating and yelling at him.

On August 13, 1993, Ashwood–Ames applied for basic economic loss benefits from AMCO because she was suffering from headaches and neck and shoulder pain. She also petitioned for no-fault arbitration of the matter, claiming $276 and continuing economic losses.

Based on Ashwood–Ames' representations, AMCO paid her $1,191.43 in medical expense benefits and $4,000 in disability income loss benefits. After its investigation, AMCO ceased to pay benefits and commenced an action in district court to recover benefits already paid. It also moved to stay the arbitration proceedings to allow the district court to determine whether coverage existed. The district court denied the motion to stay the arbitration proceedings and later confirmed, over AMCO's objection, the arbitrator's award in favor of Ashwood–Ames. AMCO appeals the order confirming the award.

## ISSUE

Did the trial court properly defer to the arbitrator the decision whether an accident had occurred for purposes of recovery of economic loss benefits under the No–Fault Automobile Insurance Act?

## ANALYSIS

Arbitration of no-fault claims of $10,000 or less is mandatory under Minn. Stat. § 65B.525, subd. 1(1992) (the No–Fault Act). In no-fault claims, arbitrators are limited to deciding issues of fact, however, reserving interpretation of the law to the courts. *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). Interpretation and construction of the No–Fault Act, the insurance contract, or both, is a question for the courts. *See Neal v. State Farm Mut. Ins. Co.*, 529 N.W.2d 330, 331–32 (Minn.1995).

Denial of coverage raises the question of whether a legal claim even exists. Therefore, the issue is for the court's determination and is beyond the scope of the arbitrator's factfinding authority. *See id.* Similarly, where insurance coverage turns on disputed facts, the factual dispute should be tried and resolved by the trial court. *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288, 291 (Minn.1983). For example, in *Great West Casualty Co. v. Kroning*, 511 N.W.2d 32, 35–36 (Minn.App.1994), *pet. for rev. denied* (Minn. Mar. 15, 1994), we concluded that an arbitrator could determine the value of services, but had no authority to order an insurer to pay for those services.

Under the No–Fault Act, Ashwood–Ames has coverage for injuries related to an "accident arising out of the maintenance or use of a motor vehicle." Minn.Stat. § 65B.46, subd. 1 (1992). Similarly, an "accident" triggers liability under the AMCO policy. Here, AMCO contends there was no "accident," so there is no coverage. This raises a question of statutory and contract interpretation. *See McIntosh v. State Farm Mut. Auto. Ins. Co.*, 488 N.W.2d 476 (Minn.1992) (court separately considered term "accident" with regard to uninsured motorist coverage and no-fault benefits coverage); *see also Continental Western Ins. v. Klug*, 415 N.W.2d 876, 879

(Minn.1987). It also raises a factual dispute regarding the events leading to Ashwood–Ames' claim. Accordingly, the trial court's deference to the arbitrator on this issue was improper.

## DECISION

We remand to the district court to decide the legal issue of whether there was an accident and, based on its legal conclusion, to modify the award if necessary.

**Reversed and remanded.**