**EMC INSURANCE COMPANIES, Respondent,**

v.

**Michael DVORAK, Appellant,**

**Roger Dvorak, et al., Defendants.**

**No. C6–99–954.**

Court of Appeals of Minnesota.

Dec. 21, 1999.

Kenneth R. White, Farrish Johnson Law Office, P.L.L.P., Mankato, MN (for respondent).

Michael R. Docherty, Milavetz, Gallop Milavetz, P.A., Edina, MN (for appellant).

Considered and decided by DAVIES, Presiding Judge, FOLEY, Judge,* and MULALLY, Judge.

## OPINION

EDWARD D. MULALLY, Judge.**

Appellant Michael Dvorak challenges the district court's denial of his claim for up to four times the assessed liability of a minor tortfeasor in an underinsured motorist claim under Minnesota's joint and several liability statute. Because we find that joint and several liability was severed when appellant settled his liability claims with the two at-fault drivers, we affirm.

## FACTS

Appellant Michael Dvorak was severely injured in an automobile accident in January 1994, and suffered permanent brain damage. He was a passenger in a car driven by Anthony Skluzacek, an insured of respondent EMC Insurance Companies (EMC). Skluzacek's vehicle collided with another vehicle, driven by John Malinski.

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

\** Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Skluzacek's insurance policy provided $500,000 in liability coverage and $500,000 in underinsured motorist (UIM) coverage. Malinski carried insurance of $30,000 per person/$60,000 per occurrence. EMC eventually paid Dvorak $20,000 in no-fault medical benefits and $500,000 in a liability settlement. Dvorak also received $30,000 in a settlement with Malinski. The settlement agreement with Skluzacek and Malinski released both tortfeasors from further liability with the exception that Dvorak retained the right to claim UIM benefits. The agreement provided in relevant part:

> In consideration of the payments [received], Plaintiff hereby completely releases and forever discharges Anthony Lloyd Skluzacek, * * * and John Anthony Malinski from any and all present or future claims, demands, obligations, actions, causes of action, damages, costs, loss of services, expenses or compensation of any nature, based upon any theory which the Plaintiff may have against Defendants or which may hereafter accrue or otherwise be acquired, which are or could be the subject of the Complaint against the Defendants without limitation for any and all unknown claims for bodily injury and personal injuries to the Plaintiff which may have resulted or may result from the alleged acts or omissions of the Defendants.
>
> This release and discharge shall also apply to Insurers' liability coverage provided for the Defendants, it being understood that the Plaintiff by executing this Release does not release any claims for Underinsured Motorist Coverage, but to the extent this Release applies to available liability coverages, it is intended to be a full, final and complete release of Defendants and their insurers, representatives, successors in interest and assigns * * *.

Dvorak filed a UIM claim against EMC under Skluzacek's underinsured motorist coverage, based on Malinski's underinsurance. The parties do not dispute that Dvorak was precluded from bringing a UIM claim based on Skluzacek's underinsurance under existing caselaw. *See Myers v. State Farm Mut. Auto. Ins. Co.,* 336 N.W.2d 288, 291–92 (Minn.1983) (holding an insurance policy valid that excludes UIM coverage for a vehicle owned by or furnished or made available for the regular use of the named insured); *see also Thommen v. Illinois Farmers Ins. Co.,* 437 N.W.2d 651, 654 (Minn.1989) (noting rationale of *Myers* is to prevent impermissible conversion of first-party UIM coverage into third-party insurance). The parties submitted the damage and fault assessment to a panel of arbitrators, who attributed 90 percent fault to Skluzacek and 10 percent to Malinski. The arbitrators determined that Dvorak suffered damages totaling $1,189,454.90.

Both parties moved to have the award confirmed in district court. They disagreed, however, over the amount Dvorak should receive from EMC based on the special verdict form issued by the arbitration panel. Dvorak claimed the arbitrators' decision entitled him to collect $475,781.98 in UIM benefits, while EMC interpreted the actions of the arbitrators to mean it owed Dvorak $86,945.49. The difference was based in part on Dvorak's claim he was entitled to four times Malinski's percentage of fault under Minn.Stat. § 604.02, subd. 1 (1998), the statute that apportions fault under joint and several liability. In addition, EMC subtracted $50,000 from the total damages as offsets for no-fault benefits and Malinski's liability payment.

The district court found in favor of EMC. After applying offsets of $50,000, the judge awarded Dvorak $86,945.49 based on Malinski's 10 percent fault. Initially on appeal, Dvorak challenged the application of the offsets, but he waived that challenge during oral arguments. The remaining appeal by Dvorak challenges the district court's refusal to reallocate damages under the statute for joint and several liability.

## ISSUE

Does Minn.Stat. § 604.02 (1998) permit an injured passenger to recover up to four times the assessed liability of a tortfeasor in an underinsured motorist claim when that passenger has already reached a liability settlement with both tortfeasors that releases the tortfeasors from further liability?

## ANALYSIS

 Statutory interpretation is a legal issue which the appellate court reviews de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). Where statutory language is plain and unambiguous, the court must give it its plain meaning. *Phelps v. Commonwealth Land Title Ins. Co.*, 537 N.W.2d 271, 274 (Minn.1995).

 The reallocation statute provides that

> [w]hen two or more persons are jointly liable, contributions to awards shall be in proportion to the percentage of fault attributable to each, except that each is jointly and severally liable for the whole award. * * * [A] person whose fault is 15 percent or less is liable for a percentage of the whole award no greater than four times the percentage of fault.

Minn.Stat. § 604.02, subd. 1.

Dvorak argues this statute applies to his UIM claim as a matter of statutory interpretation, caselaw and public policy. We disagree, based on the plain language of the statute.

 Joint and several liability is a collection mechanism designed to assist a plaintiff in collecting a judgment by shifting the burden of collecting payment onto liable defendants. *Lahr v. American Family Mut. Ins. Co.*, 551 N.W.2d 732, 734 (Minn.App.1996). The statute requires two or more liable tortfeasors for realloca-

tion to occur. Minn.Stat. § 604.02, subd. 1. Because Dvorak reached a settlement with Skluzacek and Malinski that released them from liability for all future claims, no joint liability remains. Dvorak's reservation of the right to collect underinsured motorist benefits permits him to attempt to collect those benefits only; it does not also serve to preserve joint and several liability under Minn.Stat. § 604.02, subd. 1. To construe the statute to apply to a UIM claim after liability has been severed would go beyond the plain meaning of the statute. Where the intention of the legislature is clearly manifested and the statute is unambiguous, no construction is necessary or permitted. *Phelps*, 537 N.W.2d at 274.[1]

## DECISION

A passenger who is injured in a motor vehicle accident and who settles his liability claims with the involved tortfeasors, releasing them from future liability, may not increase his recovery for underinsured motorist benefits by reallocating fault under joint and several liability.

We hold that applying this rule to the procedural posture of this case, the trial court did not err in refusing to award underinsured motorist benefits to Dvorak based on four times Malinski's fault.

**Affirmed.**

---

1. The parties dispute whether application of the four-times rule under Minn.Stat. § 604.02, subd. 1 would constitute an impermissible conversion of cheaper UIM coverage into more expensive liability coverage. Because we find the statutory language controlling, we do not reach this issue.