Gay **MYERS, as trustee for the heirs of Lawrence Joseph Myers, deceased, et al., Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. C2–82–1395.

Supreme Court of Minnesota.

July 15, 1983.

---

Meshbesher, Singer & Spence and Gerald J. Seibel, Minneapolis, for appellants.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and Laura S. Underkuffler, Minneapolis, for respondent.

SIMONETT, Justice.

This case comes to us on an appeal from an order denying a motion to compel arbitration and raises the issue whether an auto insurer's policy affords plaintiffs underinsured motorist coverage. We conclude there is no coverage, hence nothing to arbitrate, and remand for trial of the remaining issues.

Lawrence Myers was a passenger in a car that struck a tree. He was fatally injured. The car was owned by Allison Stein, who was insured with respondent State Farm Mutual Automobile Insurance Company. At the time of the accident, the car was being driven by still another person who had liability insurance with Iowa Kemper Insurance Company. Plaintiff-appellant Gay Myers, as trustee for the heirs of decedent Lawrence Myers, collected $25,000 from Iowa Kemper, the driver's liability insurer, and $25,000 from State Farm, the car owner's liability insurer. State Farm also paid $1,250 in no-fault benefits for funeral expense.

Thereafter the plaintiff trustee, being advised that State Farm's policy included underinsured motorist coverage, made a claim for underinsured motorist benefits and requested arbitration of the claim. In addition, the trustee asserted a claim for survivors' economic loss benefits against State Farm and suggested arbitration of that claim. State Farm denied both claims and declined to arbitrate. The trustee and the decedent's minor children then commenced this action in district court against State Farm for underinsured motorist benefits and for survivors' economic loss benefits.

During the discovery phase of the lawsuit, plaintiff-appellants learned that State Farm's underinsured motorist coverage contained an arbitration clause. Plaintiffs promptly renewed their demand for arbitration of the underinsured claim and, when rejected by State Farm, moved the trial court, pursuant to Minn.Stat. § 572.09 (1982) for an order compelling arbitration. The trial court denied the motion on the ground that it was not advisable for reasons of judicial economy to sever the underinsured motorist claim from the survivors' economic loss benefit claim. The trial court elected to leave for future determination the issue raised by State Farm whether the definition of "underinsured motor vehicle" in its policy precluded coverage for underinsured motorist benefits. Plaintiffs appeal. An order denying a motion to compel arbitration is appealable. Minn.Stat. § 572.26, subd. 1(1) (1982). *See also Atcas v. Credit Clearing Corporation of America,* 292 Minn. 334, 336, 197 N.W.2d 448, 450 (1972); Minn. R.Civ.App.P. 103.03(d).

While the parties raise the issue of whether plaintiff-appellants waived their right to demand arbitration, we do not reach this issue. Nor do we reach the issue whether, assuming a right to arbitrate, the underinsured claim should nevertheless be tried in district court with the no-fault claim. The dispositive question, we perceive, is whether the policy affords underinsured motorist coverage for appellants. We conclude it does not.

A "covered person" under State Farm's policy endorsement for underinsured motorist coverage includes the named insured, here Allison Stein, the car owner, and "[a]ny other person while *occupying your covered auto.*" (Emphasis in original.) The decedent Myers was, of course, occupying Stein's automobile, so Myers is a "covered person." The policy goes on, however, to define an "underinsured motor vehicle" as:

> [A vehicle] to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is not enough to pay the full amount the *covered person* is legally entitled to recover as damages.

However, "*underinsured motor vehicle*" does not include any vehicle:

> \*    \*    \*    \*    \*    \*

> 2. Owned by or furnished or available for the regular use of you ["you" here means Allison Stein] or any *family member.*

(Emphasis in original.)

State Farm argues that since the named insured, Allison Stein, owned the car that hit the tree, as well as had it available for her regular use, her car does not qualify as an "underinsured motor vehicle" under her policy for the purpose of conferring underinsured motorist coverage or for the purpose of invoking the arbitration clause.

1. The threshold issue is whether this coverage dispute is arbitrable, *i.e.,* whether the coverage dispute is outside the scope of the arbitration clause and whether, initially, the arbitrators or the courts should decide this question. Respondent argues that the dispute is not arbitrable under the terms of the insurance contract; appellants contend that the dispute should go to arbitration. The arbitration clause reads, in part:

> If we and a *covered person* disagree whether that person is legally entitled to recover damages from the owner or operator of an *underinsured motor vehicle,* or do not agree as to the amount of damages, either party may make a written demand for arbitration.

(Emphasis in original.)

If it is "reasonably debatable" whether the scope of the arbitration clause includes a coverage dispute, this court has said that the coverage dispute should initially go to arbitration. *See Dunshee v. State Farm Mutual Automobile Insurance Co.,* 303 Minn. 473, 482, 228 N.W.2d 567, 572 (1975); *Rosenberger v. American Family Insurance Co.,* 309 N.W.2d 305, 308 (Minn. 1981). The "reasonably debatable" test for arbitrability works particularly well for arbitration of labor disputes. *See State v. Berthiaume,* 259 N.W.2d 904 (1977). In auto insurance cases, where the question of

coverage goes not to the merits of a claim but to whether a claim exists, an arbitration clause must be quite broad in scope to encompass arbitrability of coverage. Thus in *U.S. Fidelity and Guaranty Co. v. Fruchtman,* 263 N.W.2d 66 (Minn.1978), an insurance coverage question under an arbitration clause worded essentially the same as the clause in this case came before us after arbitration on denial of a motion to vacate an award. We vacated the award but implicit in our holding was the conclusion that the coverage dispute (whether a hit-and-run vehicle had made physical contact) need not have gone initially to arbitration; in other words, it was not "reasonably debatable" whether the coverage dispute was within the scope of the arbitration clause. We held that where insurance coverage is preconditioned on establishing certain facts, the factual dispute should be tried and resolved by the trial court and, if the preconditions are not established, then the policy does not provide coverage and arbitration would be unauthorized. 263 N.W.2d at 71. We think *Fruchtman* governs here. In other words, it is not inappropriate for the parties to seek, as they both do seek here, a judicial determination of coverage prior to arbitration.

Ordinarily, following *Fruchtman,* we would remand to the trial court to take evidence and make findings on the "factual preconditions" to coverage, but here there are no contested facts. It is undisputed that decedent Myers was a passenger in the Stein car which was involved in a single-car accident. Because the policy provisions are unambiguous and the essential facts are known, we can proceed, as a matter of law, to decide the coverage question.

■ 2. Since the car involved in this one-car accident does not meet State Farm's policy definition of an "underinsured motor vehicle" for the purpose of a claim by the decedent passenger's heirs, there is no underinsured motorist coverage unless the policy definition is invalid. Appellants claim invalidity. They argue that since the insurance coverage should follow the person, not the vehicle, a policy defini-

tion of "underinsured motor vehicle" which excludes a car owned by the named insured violates the purpose of the Minnesota No-Fault Act. We disagree.

Underinsured motorist coverage is first-party coverage and, in that sense, the coverage follows the person not the vehicle. Here, however, the decedent passenger's heirs have already collected under the liability coverage of the insurer of the Stein car. To now collect further under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage. The policy definition defining an "underinsured motor vehicle" to exclude a vehicle owned by or regularly furnished or available to the named insured properly prevents this conversion of first-party coverage into third-party coverage.

The purpose of underinsured coverage is to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile. Ordinarily, a passenger injured in a one-car accident involving someone else's car, such as here, would be able to recover underinsured motorist benefits under his or her own underinsured motorist coverage. Decedent Myers, however, did not own a car and consequently had no such coverage. But Stein's insurance policy is not designed to compensate Stein or his additional insureds from Stein's failure to purchase sufficient liability insurance. A case reaching a similar result with a similar policy exclusion is *Hoffpauir v. State Farm Mutual Automobile Insurance Co.,* 427 So.2d 560, 565–66 (La.Ct.App.1983).

*American Motorist Insurance Co. v. Sarvela,* 327 N.W.2d 77 (Minn.1982), relied on by appellants, is not in point. There the insured was injured in a collision with an underinsured automobile while operating her own motorcycle. She collected the liability policy limits from the auto driver's insurer and underinsured motorist benefits from her motorcycle insurance policy. We held that she was also entitled to recover

underinsured motorist benefits from the policy on another vehicle, an automobile that she owned, and we invalidated a policy exclusion which would have prevented this recovery. In *Sarvela,* however, the underinsured motor vehicle was not a vehicle insured for liability under the policy in which the injured person was an insured for underinsured motorist coverage, and the claim was a straightforward first-party insurance claim.

We hold, therefore, that the policy definition of "underinsured motor vehicle," which excludes a vehicle owned by or furnished or made available for the regular use of the named insured, is valid. Consequently, there is no underinsured motorist coverage for appellants' claim and nothing to arbitrate. We remand for trial of plaintiff-appellants' claim for survivors' economic loss benefits, where, apparently, there is no agreement to arbitrate.

Affirmed and remanded for trial of remaining issues.

COYNE, J., took no part in the consideration or decision of this case.