**Patricia MEYER, Appellant,**

v.

**ILLINOIS FARMERS INSURANCE GROUP and Harvey Meyer, Respondent.**

**No. C1–84–0274.**

Court of Appeals of Minnesota.
Aug. 21, 1984.

Richard Jasperson, Reinhardt & Anderson, St. Paul, for appellant.

Charles E. Gillin, Jardine, Logan & O'Brien, St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Patricia Meyer commenced this action for underinsurance benefits following a one-car accident where she was injured while a passenger of her husband, Harvey Meyer. The trial court held that Meyer cannot collect underinsured motorist benefits under the same family insurance policy which provided her with liability coverage because the underinsurance statute pro-vides coverage only where *another car* (covered by another policy) provides inadequate compensation. Summary judgment was granted respondent-Illinois Farmers Insurance Group (Ill. Farmers) and Harvey Meyer. We reverse.

## FACTS

In May 1976 appellant Meyer was injured while the passenger of her husband, Harvey Meyer, in a one-car accident involving the family car. Respondent Mr. Meyer, owner of the car, insured the car with respondent Ill. Farmers.

In April 1977, Ill. Farmers paid Meyer $50,000, its full liability limit under the policy held by Mr. Meyer on the family car. Mrs. Meyer's damages exceed the liability limits. She commenced this action in May 1982 seeking judicially imposed underinsurance benefits from Ill. Farmers' on the same policy that paid liability benefits.

Ill. Farmers moved for summary judgment, conceding that it failed to make a mandatory offer of underinsurance as required by former Minn.Stat. § 65B.49, subd. 6.

## ISSUE

Does appellant's collection of the bodily injury liability limits from the insurer of the family vehicle in which she was injured make her ineligible for underinsurance benefits under the same policy?

## ANALYSIS

The former underinsurance statute requires an insurer "to pay its insureds for such uncompensated damages as they are legally entitled to recover on account of a motor vehicle accident because the total damages they are legally entitled to recover exceed the residual liability limit of the owner of the other vehicle, * * * " Minn. Stat. § 65B.49, subd. 6(e) (1976) (repealed, Act of April 12, 1980, ch. 539, § 7, 1980 Minn.Laws, 700, 702).

As the spouse of Harvey Meyer, the named insured on the family vehicle policy,

Meyer is an "insured." Minn.Stat. § 65B.43, subd. 5 (1976). The Minnesota Supreme Court recently noted that this definition of "insured" applies to uninsured and underinsured coverage. *Burgraff v. Aetna Life & Casualty Co.*, 346 N.W.2d 627 (Minn.1984).

The trial court and respondent conclude that the underinsurance statute limits recovery to accidents where the insurer "of the owner of the *other vehicle*" inadequately compensates an accident victim. This "other vehicle" language has not been interpreted by the Minnesota Supreme Court. The word "other" appears to be superfluous because the court has allowed underinsurance benefits in a case where there was no "other vehicle." *See Holman v. All Nation Insurance Co.*, 288 N.W.2d 244 (Minn.1980). The court, in *Holman*, held that underinsurance coverage will be read into a policy where the carrier fails to meet its statutory obligation of offering such coverage.

The Minnesota Supreme Court decision in *Holman* supports our analysis. In *Holman*, factually indistinguishable from the present case, the injured party was permitted to recover both underinsured motorist benefits and bodily injury liability benefits from his *own insurer* following his injury in his own vehicle.

Ill. Farmers argues and the trial court found, that the more recent *Myers v. State Farm Mutual Automobile Insurance Co.*, 336 N.W.2d 288 (Minn.1983), overruled *Holman*. In *Myers* the insurer of the vehicle in which a passenger was killed, paid the heirs liability benefits but denied a claim for underinsurance benefits under the same policy.

Close examination of these two cases shows that *Myers* is distinguishable, and that *Holman* controls the instant case.

*Holman:*

Holman was injured while a passenger in his own, insured truck. No other vehicles were involved in the accident. Holman collected the liability limits for his injuries from his own insurer. He also sought and was granted statutorily imposed underinsurance benefits under the same policy covering his truck.

*Myers:*

Myers, a passenger in another person's car which was driven by a third party, was killed in a one-vehicle accident. His heirs collected liability insurance from the car owner's insurer and from the driver's insurer. They then sought and were denied underinsurance benefits from the car owner's insurer. (Myers did not own a car and thus had no insurance). Although Myers fit the policy definition of "insured", the claim of his heirs was denied because of exclusionary language in the policy. On review, the Minnesota Supreme Court agreed that the heirs could not collect underinsurance benefits because (1) *policy language excluded the claim; and* (2) to allow Myers' heirs these benefits "would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage." *Myers* at 291 (emphasis added).

*This case:*

Appellant may claim underinsurance benefits based on *Holman* because in *Holman* the Minnesota Supreme Court allowed Holman to collect *underinsurance benefits*, (which were imposed by law because the insurer failed to make the mandatory offer to Holman required by statute), *in addition to the liability limits*, from the insurer of his truck. This case is also distinguishable from *Eisenschenk v. Millers' Mutual Insurance Association of Illinois*, 353 N.W.2d 662 (Minn.Ct.App.1984), where coverage was not imposed by law and a valid exclusion was present.

## DECISION

Appellant is entitled to collect judicially imposed underinsurance benefits from Ill. Farmers under the same policy that provided her with liability limits.

Reversed.