Patricia MEYER, Respondent,

v.

ILLINOIS FARMERS INSURANCE GROUP and Harvey Meyer, petitioners, Appellants.

No. C1–84–274.

Supreme Court of Minnesota.

July 26, 1985.

Charles E. Gillin, Mary A. Rice, St. Paul, for appellants.

Richard L. Jasperson, St. Paul, for respondent.

---

PETERSON, Justice.

Respondent, Patricia Meyer, was injured on May 26, 1976, as a result of an accident involving one vehicle in which she was a passenger and her husband the driver. The automobile was insured by appellant Illinois Farmers Insurance Group (Farmers). Respondent received from Farmers $50,000, the policy limits of liability coverage, but was still insufficiently compensated for her injuries. She brought this action, claiming entitlement to underinsured motorist benefits under Minn.Stat. § 65B.49, subd. 6(e) (1974).

The trial court granted Farmers' motion for summary judgment denying benefits, concluding that subdivision 6(e) does not provide or require an insurer to provide underinsured motorist coverage to an insured who has already collected liability benefits under the same policy. The court of appeals, 353 NW2d 141, reversed, based upon its reading of this court's decision in *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244 (Minn.1980). We reverse the decision of the court of appeals.

For purposes of review of the summary judgment motion only, Farmers admits that it did not offer underinsured coverage to respondent. Therefore, coverage is imposed by subdivision 6(e). Although technically the case is governed by the 1974 version of the statute, in *Holman*, 288 N.W.2d at 250–51, we held that 1977 amendments had merely clarified the original statute and should be read as applicable to all accidents occurring after the effective date of the no-fault act, January 1, 1975. Accordingly, we will interpret the statute as found in the 1978 version, which reads as follows:

> Underinsured motorist coverage offered in an amount at least equal to the insured's residual liability limits and also at lower limits which the insured may select, whereby the reparation obligor agrees to pay damages the insured is legally entitled to recover on account of a motor vehicle accident but *which are uncompensated because the total damages exceed the residual bodily injury liability limit of the owner of the other vehicle.* The reparation obligor is subrogated to any amounts it pays and upon payment has an assignment of the judgment if any against the other person to the extent of the money it pays.

Minn.Stat. § 65B.49, subd. 6(e) (1978) (emphasis added).[1]

The statute at issue requires that underinsured coverage be offered to compensate damages that are uncompensated because they exceed "the residual bodily injury liability limit of the owner of the *other vehicle.*" From this language, it is apparent that the statute contemplates that a vehicle upon which underinsured benefits are to be paid is not to be the same vehicle that sets the limits of liability coverage. We decline to read this "other vehicle" language out of the statute, as the interpretation urged by respondent would have us do. *See Norris Grain Co. v. Seafarers' Int'l Union*, 232 Minn. 91, 109–10, 46 N.W.2d 94, 105 (1950) ("Neither the wisdom of the laws nor their adequacy to accomplish a desired purpose may be taken into consideration by courts in determining what interpretation the law

---

1. The 1977 amendments do not directly affect the language at issue in this case; the subdivision actually in effect at the time of respondent's accident, without the clarifying amendments, mandated the following:

    Underinsured motorist coverage whereby subject to the terms and conditions of such coverage the reparation obligor agrees to pay its insureds for such uncompensated damages as they are legally entitled to recover on account of a motor vehicle accident because the total damages they are legally entitled to recover exceed the residual liability limit of the owner of the other vehicle, to the extent of the residual liability limits on the motor vehicle of the person legally entitled to recover or such smaller limits as he may select less the amount paid by reparation obligor of the person against whom he is entitled to recover. His reparation obligor shall be subrogated to any amounts it pays and upon payment shall have an assignment of the judgment if any against the other person to the extent of the money it pays.

    Minn.Stat. § 65B.49, subd. 6(e) (1974).

should have; we must give effect to them as they are, regardless of our personal opinion regarding their adequacy"); Minn. Stat. §§ 645.16 and 645.17 (1984).

Not only is this interpretation of subdivision 6(e) mandated by its language, but it is consistent with the position and purpose of underinsurance in the general scheme of insurance coverage. Liability insurance is purchased by an owner of a vehicle to protect passengers in that vehicle from the negligent driving of the owner or another driving the vehicle. Underinsured coverage, however, is intended to protect against a different type of risk, the risk that a negligent driver of another vehicle will have failed to purchase adequate liability insurance; that is, it is intended "to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile." *Myers v. State Farm Mutual Auto. Ins. Co.*, 336 N.W.2d 288, 291 (Minn.1983). An insured wishing to provide greater protection from his own negligence for himself and his passengers should purchase additional liability insurance coverage; allowing underinsured coverage in the instant case would, in essence, be allowing an individual to increase liability coverage by purchasing less expensive underinsured coverage. We expressed this same concern in *Myers*, in which we upheld a policy exclusion of underinsured coverage where the vehicle at fault was "owned by or furnished for the regular use of [the owner] or any family member":

Underinsured motorist coverage is first-party coverage and, in that sense, the coverage follows the person not the vehicle. Here, however, the decedent passenger's heirs have already collected under the liability coverage of the insurer of the [owner's] car. To now collect further under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage. The policy definition defining an "underinsured motor vehicle" to exclude a vehicle owned by or regularly furnished or available to the named insurer properly prevents this conversion of first-party coverage into third-party coverage.

*Id.* See also *Breaux v. Government Employment Ins. Co.*, 369 So.2d 1335 (La. 1979); *Millers Casualty Ins. Co. v. Briggs*, 100 Wash.2d 1, 665 P.2d 891 (1983).

In reaching a conclusion contrary to ours, the court of appeals relied upon *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244 (Minn.1980), as indistinguishable from this case to establish that underinsured coverage exists. Were that the holding of *Holman*, the conclusion of the court of appeals would be correct, since there we allowed underinsured benefits to be collected for injuries resulting from a one-car accident under the same policy from which liability coverage was imposed. It is apparent from a careful reading of *Holman*, however, that whether coverage was precluded by the "other vehicle" language of the statute simply was not an issue in the case. At issue was whether a mandatory offer of underinsured coverage had been made and whether the coverages, as well as no-fault benefits, should be stacked; for reasons that are not apparent, in their briefs the parties never raised and thus never drew our attention to what is now the central issue in this case. Accordingly the issue was waived, and *Holman* in no way constitutes precedent on this particular issue.

We therefore hold that underinsured coverage is not imposed by subdivision 6(e) in a one-vehicle accident under the same policy insuring the same vehicle from which liability benefits are payable. The trial court properly awarded summary judgment in favor of Farmers on that issue.

Reversed.

YETKA and SCOTT, JJ., dissent.

YETKA, Justice (dissenting).

I would affirm the court of appeals. In my opinion, they quite accurately followed

the precedent of this court as set out in *Holman v. All Nation Insurance Company*, 288 N.W.2d 244 (Minn.1980). I find that case and the facts indistinguishable. The only way that the cases differ is that the *Holman* case was decided in 1977. It certainly is not persuasive to me that that issue was not raised merely because *Holman* did not specifically state that the case applied to a single car accident. The decision on that issue was implicit in the decision itself.

Accordingly, if we feel that *Holman* is no longer good law, we should be intellectually honest enough to overrule that case, not attempt to distinguish it.

SCOTT, Justice (dissenting).

I agree with the dissent of Justice Yetka.