[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are cross motions for summary judgment in a case involving a two car collision. The plaintiff brought suit to recover underinsured motorist coverage from the defendant, General Accident Insurance Company, the insurer of the driver of the car in which the plaintiff was a passenger. The defendant has paid out the $100,000.00 limit of liability coverage under its insured's policy to the plaintiff.
The policy issued by the defendant to the insured driver provides the following exclusion as to uninsured motorist coverage: 1) "`uninsured motor vehicle' does not include any vehicle or equipment: 1. Owned by or furnished or available for your regular use." Personal Auto Policy, Part C, as amended 1989.
The defendant argues that summary judgment should be granted because the plaintiff is not entitled to claim uninsured/underinsured coverage.
The term underinsured motorist coverage applies to situations where the tortfeasor's vehicle is underinsured.American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 194,530 A.2d 171 (1987). An underinsured motor vehicle is "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made. . . ." General Statutes § 38a-336(d); American Universal Ins. Co. v.CT Page 5173DelGreco, supra, 194. The insured only has to exhaust the liability coverage of one tortfeasor's policy in order to be eligible for underinsured benefits. General Accident Ins. Co. v. Wheeler,221 Conn. 206, 211, 603 A.2d 385 (1992).
"[A]n insurer may not, by contract, reduce its liability for such uninsured and underinsured motorist coverage except as § 38-175a-6 [now § 38a-334-6] of the Regulations of Connecticut State Agencies expressly authorizes." Allstate Ins. Co. v.Ferrante, 201 Conn. 478, 483, 518 A.2d 373 (1986). Underinsured motorist coverage "shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies." Regulations of Connecticut State Agencies § 38a-334-6(a). The insurer may exclude from coverage "the named insured or any relative who is a resident of the same household or is furnished for the regular use of any of the foregoing." Regulations of Connecticut State Agencies § 38a-334-6(c)(2)(A).
The court in Lowrey v. Valley Forge Ins. Co., 224 Conn. 152,156-57, 617 A.2d 454 (1992), has interpreted Regulation § 38a-334-6(a) as authorizing the exclusion of uninsured/underinsured motorist coverage from the vehicle owned by the named insured. "The regulation expressly permits an exclusion from underinsured motorist coverage for a vehicle that is owned by the named insured or by any resident relative of the named insured, or that is furnished for the regular use of the named insured or any such relative." Id., 156-57.
In Lowrey v. Valley Forge Ins. Co., supra, the passengers were injured in a one car accident driven by the named insured. As in the present case, the passengers were not related to the named insured. The court held that the passengers were excluded from coverage under the uninsured portion of the motor vehicle insurance policy that stated "`uninsured motor vehicle does not include any vehicle or equipment: 1. Owned by or furnished or available for your regular use." The court found that:
 "[u]nderinsured coverage . . . is intended to protect against . . . the risk that a negligent driver of another vehicle will have failed to purchase adequate liability insurance; that is, it is intended `to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile.' (Citation omitted.) An insured wishing to provide CT Page 5174 greater protection from his own negligence for himself and his passengers should purchase additional liability insurance coverage; allowing underinsured coverage in the instant case would, in essence, be allowing an individual to increase liability coverage by purchasing less expensive underinsured coverage."
Id., 157-58, quoting Meyer v. Illinois Farms Ins. Group,371 N.W.2d 535, 537 (1985).
The Lowrey case is distinguishable from this case in that that case involved a one car accident and in this case, two cars are involved.
The policy of insurance involved in this case states:
 However, "uninsured motor vehicle" does not include any vehicle or equipment: 1. Owned by or furnished or available for your regular use.
This provision refers to the vehicle owned or furnished or available for the insured's use. It does not refer to the passenger in an insured's vehicle. This policy of insurance is a contract between the defendant and its insured. It is not a contract between the plaintiff and defendant.
This court finds that based on the facts it has before it set forth in the pleadings and briefs, the plaintiff is not excluded from uninsured/underinsured coverage under the defendant's policy of insurance.
The defendant also argues that a claim for loss of consortium is not available under underinsured coverage. The court is not persuaded by the argument.
"Loss of consortium, although a separate cause of action, is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse." Izzo v. ColonialPenn Ins. Co., 203 Conn. 305, 312, 524 A.2d 641 (1987). SeeHopson v. St. Mary's Hospital, 176 Conn. 485, 494, 408 A.2d 260
(1979).
Part C of the subject policy reads as follows:
B. `Insured' as used in this part means CT Page 5175
1. You or any "family member"
2. Any other person occupying your covered auto
 3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1 or 2 above.
This court finds that the plaintiff's husband would fall within #3 above as far as payment of any damages relative to his loss of consortium claim.
The plaintiff has also filed a motion for summary judgment which the court denies as there are genuine issues of material fact relative to that motion which must be decided by the trier of fact.
Therefore, this court denies both the plaintiff's and defendant's motions for summary judgment for the reasons stated above.
/s/ William J. Sullivan, J. _____________________________ WILLIAM J. SULLIVAN