WEST BEND MUTUAL INSURANCE
CO., Respondent,

v.

AMERICAN FAMILY MUTUAL
INS. CO., et al., Defendants,

Minh Q. Nguyen, Appellant.

No. C3–98–366.

Court of Appeals of Minnesota.

Dec. 8, 1998.

Gregory J. Johnson, Johnson & Van Vliet,
LLP, St. Paul, for respondent.

Minh Q. Nguyen, Chunchula, pro se appel-
lant.

Considered and decided by WILLIS, P.J.,
and KALITOWSKI, and AMUNDSON, JJ.

## OPINION

WILLIS, Judge.

Following an accident involving a car that appellant Minh Q. Nguyen had rented and in which he was a passenger, appellant recovered from his own liability insurer and also sought payment of underinsured motorist (UIM) benefits from the rental car's insurer, respondent West Bend Mutual Insurance Company (West Bend).

West Bend brought a declaratory judgment action to determine appellant's entitlement to UIM benefits, and the district court granted summary judgment to West Bend.

## FACTS

Appellant owned an Acura that was insured by American Family Mutual Insurance Company (American Family) under a policy providing liability coverage for any person driving the Acura or a temporary substitute vehicle.

In May 1996, appellant took the Acura to a dealership for repairs, and he rented a car from the dealership to use until his Acura was ready. The rental car was insured under a garage policy issued by respondent West Bend.

Appellant allowed a friend to drive the rental car. The friend drove negligently, causing an accident that killed the driver of another vehicle and injured appellant, who was a passenger in the rental car.

Appellant made a claim for liability benefits under the American Family policy, which insured the rental car as a temporary substitute vehicle for his Acura. American Family paid appellant his policy limits.

The West Bend policy excludes liability coverage for customers of the dealership where, as here, other liability coverage is available. But appellant submitted a claim for UIM benefits to West Bend, which then sought a judgment declaring that payment of UIM benefits would constitute an impermissible conversion of first-party UIM coverage into third-party liability coverage. The dis-

trict court agreed and granted summary judgment to West Bend.

## ISSUE

Did the district court err in concluding that appellant was not entitled to UIM benefits from West Bend?

## ANALYSIS

On appeal from summary judgment, we. determine whether there are any genuine issues of material fact and whether the district court correctly applied the law. *Vue v. State Farm Ins. Cos.*, 568 N.W.2d 527, 529 (Minn.App.1997), *aff'd*, 582 N.W.2d 264 (Minn.1998). "On established facts, an insurance coverage issue is a question of law, which this court reviews de novo." *Id.* (citation omitted).

█ The established facts in this case are similar to those in *Meyer v. Illinois Farmers Ins. Group*, 371 N.W.2d 535 (Minn.1985). There, a passenger was injured in a vehicle driven by her husband and insured by Illinois Farmers. *Id.* at 536. Illinois Farmers paid its liability limits but denied UIM benefits. *Id.* The supreme court held that Illinois Farmers was not required to provide UIM benefits to the passenger, explaining that, unlike liability coverage, which is purchased "to protect passengers in *that vehicle* from the negligent driving of the owner or another driving the vehicle," UIM coverage

> is intended to protect against a different type of risk, the risk that a negligent driver of *another vehicle* will have failed to purchase adequate liability insurance.

*Id.* at 537 (emphasis added).

Similarly, here, the American Family policy, which provided liability coverage for appellant's Acura—and the rental car as a temporary substitute vehicle—provided coverage to appellant for his friend's negligent operation of the rental car. But the West Bend policy on the rental car was not intended to provide UIM coverage for injuries to a passenger in the rental car caused by a driver of that same car.[1]

---

1. We recognize that the *Meyer* court addressed a 1978 version of the UIM statute, which referred

to coverage for uncompensated damages that an insured was legally entitled to recover from the

The Minnesota Supreme Court also considered analogous circumstances in *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288 (Minn.1983). Myers was a passenger in a car owned by Allison Stein and insured by State Farm. *Id.* at 289. The driver, who was insured by Iowa Kemper, was involved in an accident that killed Myers. *Id.* The trustee for Myers's heirs collected under both Iowa Kemper's and State Farm's liability policies and then attempted to collect UIM benefits from State Farm. *Id.* The *Myers* court upheld a policy exclusion of UIM coverage for vehicles owned by Stein herself, explaining:

> Underinsured motorist coverage is first-party coverage and, in that sense, the coverage follows the person not the vehicle. Here, however, the decedent passenger's heirs have already collected under the liability coverage of the insurer of the Stein car. To now collect further under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage. The policy definition defining an "underinsured motor vehicle" to exclude a vehicle owned by * * * the named insured properly prevents this conversion of first-party coverage into third-party coverage.

*Id.* at 291.

■ While the West Bend policy here does not contain the same language as did the policy in *Myers*, so that the rental car was not specifically excluded from the definition of an "underinsured vehicle," the underlying principle is the same:

> *Myers* * * * rests on the principle that vehicle owners may not purchase first party [i.e., UIM] coverage and expect it to function as liability protection. The concern is not the creation of additional liability coverage, but the conversion of one type of insurance into another.

*Petrich v. Hartford Fire Ins. Co.*, 427 N.W.2d 244, 246 (Minn.1988). "[E]stablished

case law" continues to prevent the conversion of UIM coverage into additional liability coverage. *Jensen v. United Fire & Cas. Co.*, 524 N.W.2d 536, 538 (Minn.App.1994) (citation omitted), *review denied* (Minn. Feb. 3, 1995).

> Claiming first-party benefits under the policy of the owner or insurer of the "at-fault" vehicle would be tantamount to converting * * * underinsured motorist coverage into more expensive third-party liability insurance.

*Perfetti v. Fidelity & Cas. Co. of N.Y.*, 486 N.W.2d 440, 443 (Minn.App.1992) (citation omitted).

■ Appellant's claim against West Bend is, in essence, a claim for liability benefits in addition to the liability benefits already paid by American Family. The basis for appellant's claim against American Family was his friend's negligence in operating the rental car; appellant's claim against West Bend is based on the same negligence in operating the same vehicle. The same vehicle cannot be the at-fault vehicle and the vehicle for which UIM coverage is paid. *See Lahr v. American Family Mut. Ins. Co.*, 528 N.W.2d 257, 259 (Minn.App.1995) (stating that "where only one car is involved or at fault, an injured passenger cannot obtain UIM benefits from the driver's insurer").

## DECISION

To allow appellant to recover UIM benefits from West Bend as a result of his friend's negligent operation of the rental car would result in an impermissible conversion of UIM insurance into liability insurance.

**Affirmed.**

---

owner of the "other vehicle." *Id.* at 536 (citing Minn.Stat. § 65B.49, subd. 6(e) (1978)). Although the current UIM statute does not contain this same "other-vehicle" language, since the UIM laws were amended, the supreme court has

stated that the amendments did "not purport to change the fundamental character of UIM coverage." *Thommen v. Illinois Farmers Ins. Co.*, 437 N.W.2d 651, 654 (Minn.1989).