Bradford Dana LYNCH, as Parent and Natural Guardian of Minor Plaintiff Ian Brian Lynch, and Bradford Dana Lynch, individually, Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.

No. C9–99–2102.

Court of Appeals of Minnesota.

July. 3, 2000.

Sharon L. Van Dyck, Schwebel, Goetz & Sieben, P.A., Minneapolis, MN (for appellant).

Katherine A. McBride, Meagher & Geer, PLLP, Minneapolis, MN (for respondent).

Considered and decided by AMUNDSON, Presiding Judge, G. BARRY ANDERSON, Judge, and FOLEY, Judge.*

## OPINION

AMUNDSON, Judge.

Appellant, a minor, was seriously injured while riding in a van, driven by his mother, which she had borrowed from a neighbor. Respondent insurance company paid the liability policy limits on the two family vehicles owned by appellant's father. The insurer of the van also paid its liability policy limits. The injured minor brought suit to recover underinsured motorist (UIM) coverage from respondent because his damages exceeded the amount collected under the liability policies. The district court granted summary judgment for the respondent, holding that to grant the injured minor UIM benefits would convert it into more expensive third-party liability protection, which is disfavored in the law.

## FACTS

On February 23, 1993, Kathleen Lynch borrowed a van that had been leased to her neighbor Lori Coleman from Gold Key Lease, Inc., and was insured with Western National Insurance Company. Kathleen Lynch lost control of the van, and the van crossed over the centerline, went into oncoming traffic, and collided with a vehicle driven by Sandra Vogt. Kathleen's Lynch's son, Ian, was a passenger in the van, and the injuries he sustained in the accident caused paraplegia.

Ian Lynch brought a negligence action against Kathleen Lynch, Coleman, Gold Key Leasing, and Vogt. The parties proceeded to voluntary binding arbitration on the issue of liability only. The arbitration panel found Kathleen Lynch to be solely liable for the accident.

The van was insured by Western National, which paid the policy liability limit of $100,000 to Ian Lynch. Bradford

Lynch, Ian's father, was the named insured on two automobile insurance policies for a Ford vehicle and a Chevrolet vehicle issued by respondent American Family. American Family paid Ian Lynch's liability policy limit of $100,000, but denied underinsured motorist coverage. Ian Lynch, through his father, brought a claim for the UIM motorist benefits against American Family. The parties filed cross-motions for summary judgment. The district court granted American Family's motion for summary judgment finding that Ian Lynch was not entitled to UIM motorist benefits under the terms of the American Family policy. This appeal followed.

## ISSUE

Is summary judgment in favor of an insurance company proper where the insurance policy at issue contained no applicable provision specifically excluding coverage?

## ANALYSIS

■ On appeal from summary judgment, this court determines whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The interpretation of an insurance policy and its application to the facts of this case are questions of law, and thus subject to de novo review. *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn. 1992).

American Family's insurance policy, by its plain language, provides for UIM coverage for Ian Lynch's injuries. The policy states:

> We will pay compensatory damages for bodily injury to an insured person who is legally entitled to recover from the owner or operator of an underinsured motor vehicle. The bodily injury must

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

be sustained by an insured person and must be caused by accident and arise out the use of the underinsured motor vehicle.

The policy provides that an "insured person means [the policyholder] or a relative." Here, Ian Lynch is the son of the policyholder—clearly a "relative" under the policy. The policy goes on to provide that an underinsured motor vehicle is one

which is insured by a liability * * * policy at the time of the accident which provides bodily injury liability limits less than the limits of liability of this Underinsured Motorist Coverage.

Underinsured motor vehicle, however, does not mean a vehicle * * * [o]wned by or furnished or available for the regular use of [the policyholder] or any resident of [the policyholder's] household.

■ Here, the claim for coverage was based on the underinsured status of the van, making it the underinsured motor vehicle. The question then is whether the van was "owned by or furnished or available for the regular use of" any member of the Lynch family.

Here, American Family concedes, "Kathleen Lynch borrowed a van from her neighbor Lori Coleman for a one-time use." Furthermore, the parties stipulated to the following fact for purposes of their cross-motions for summary judgment:

On February 23, 1993, Kathleen Lynch borrowed a Chrysler Plymouth van that her neighbor Lori Coleman leased from Gold Key Lease, Inc. * * * Kathleen Lynch had never driven the van before February 23, 1993.

Thus, the van satisfies the American Family policy's definition of an underinsured motor vehicle because it was not available for Kathleen Lynch's regular use, and therefore, Ian Lynch meets the plain requirements for UIM coverage under the policy.

Many UIM cases cited by both parties involve the validity of exclusionary policies, commonly referred to as "family owned vehicle" exclusions, contained in many UIM coverage provisions of automobile insurance policies. The founding case in this area is *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288 (Minn.1983). In Myers, the policy facing the court defined an underinsured motor vehicle as:

[A vehicle] to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is not enough to pay the full amount the *covered person* is legally entitled to recover as damages.

However, "*underinsured motor vehicle*" does not include any vehicle:

* * *

2. Owned by or furnished or available for the regular use of [the policyholder] or any family member.

*Id.* at 290. The above exclusion is almost identical to that in the American Family policy before this court. As previously discussed, this exception does not apply here because the van was not a vehicle owned by or regularly used by any member of the Lynch family.

■ But American Family argues that appellants seek to improperly use the UIM policy as a liability policy, and notes that, in Minnesota, the public policy is against such "coverage conversion." The conversion of concern is that which converts the UIM coverage into third-party insurance, making it essentially third-party liability coverage. *Myers*, 336 N.W.2d at 291. To illuminate this concern, it is important to understand the policies behind liability and UIM coverage. Unlike liability coverage, which is purchased to protect passengers in an insured vehicle from the negligent driving of the owner or another driver of the vehicle, UIM coverage

is intended to protect against a different type of risk, the risk that a negligent driver of another vehicle will have failed to purchase adequate liability insurance.

*Meyer v. Illinois Farmers Ins. Group,* 371 N.W.2d 535, 537 (Minn.1985). Courts upholding denial of UIM coverage pursuant to conversion questions note that "[a]n insured wishing to provide greater protection from his own negligence for himself and his passengers should purchase additional liability insurance coverage." *Id.*

The cases addressing coverage conversion have all addressed and relied on the validity of a family-owned vehicle exclusion. *See e.g., Wintz v. Colonial Ins. Co.,* 542 N.W.2d 625 (Minn.1996); *Lahr v. American Family Mut. Ins. Co.,* 528 N.W.2d 257 (Minn.App.1995); *American Family Mut. Ins. Co. v. Luhman,* 438 N.W.2d 453 (Minn.App.1989), *review denied* (Minn. June 21, 1989); *Thommen v. Illinois Farmers Ins. Co.,* 437 N.W.2d 651 (Minn.1989); *Petrich v. Hartford Fire Ins. Co.,* 427 N.W.2d 244 (Minn.1988); *Meyer,* 371 N.W.2d at 535; *Linder v. State Farm Mut. Auto. Ins. Co.,* 364 N.W.2d 481 (Minn.App.1985), *review denied* (Minn. May 1, 1985); *Eisenschenk v. Millers' Mut. Ins. Ass'n,* 353 N.W.2d 662 (Minn. App.1984), *review denied* (June 2, 1985); *Myers,* 336 N.W.2d at 288. But here, the district court's decision to grant summary judgment was not based on a policy exclusion. Instead, the district court found that Ian Lynch was not entitled to coverage based on the public policy against coverage conversion alone, even though, as noted earlier, there was no exclusionary provision specifically preventing coverage. The district court noted:

> Clearly, the UIM portion of the policy could have been better drafted to clarify the rights of the insured. However, in this case, the Court does not see an ambiguity in the terms of the policy, because plaintiff's claim cannot fairly be characterized as a claim for underinsured motorist benefits.

The court stated that Ian Lynch's claim was not a UIM claim because it was "really a claim for liability benefits in addition to the liability benefits already paid." But the provision of the insurance policy at issue *is* the UIM provision. Thus, the court's concern clearly was that Ian Lynch was converting UIM coverage into liability coverage.

Respondents, citing *West Bend Mut. Ins. Co. v. American Family Mut. Ins. Co.,* 586 N.W.2d 584, 585 (Minn.App.1998), argue that even in the absence of a specific exclusion, a claimant cannot collect first-party benefits under a policy covering the at-fault driver because that would be equivalent to an improper conversion. *West Bend* is distinguishable. In *West Bend,* the appellant owned an Acura that he took to a dealership for repairs, and he rented another car to use until his Acura was ready. *Id.* at 585. Appellant's friend was driving the rental car and appellant was riding as a passenger when the rental vehicle struck another vehicle killing the driver of the other vehicle and injuring appellant. *Id.* The appellant was paid liability benefits from the insurer of his Acura (American Family), then sought UIM benefits from the insurer of the rental vehicle (West Bend). The West Bend policy on the rental vehicle excluded liability coverage and West Bend refused to issue UIM benefits to appellant.

The court in *West Bend* concluded that the appellant was not entitled to UIM benefits from the insurer of the rental vehicle. *Id.* at 586. The court reasoned that appellant was only seeking UIM coverage because, through an exclusionary provision, the West Bend insurance policy prevented him from seeking liability coverage. *Id.* Thus, the court had before it a classic case of coverage conversion.

This case is factually different in several respects. Neither Ian Lynch nor his parents leased the van involved in the accident, and accordingly none of them had control over the amount of insurance coverage issued on the van. Additionally, the injured party here is not seeking UIM benefits from the insurer of the vehicle involved in the accident. Instead, Ian Lynch seeks UIM coverage under an insurance policy issued to his father for one

of the family-owned vehicles, and this coverage is needed because of a coverage deficiency entirely outside of appellant's control.

It is true that *West Bend*, unlike the previous UIM cases, found that the injured party was not entitled to UIM coverage based on public policy concerns alone. But the instant case does not present the same coverage conversion issue present in *West Bend*. Here, Ian Lynch is seeking UIM benefits because the liability coverage under the neighbor's policy was insufficient to cover his damages; it was the neighbor's van that was underinsured, *not* one of the Lynch family vehicles. Ian Lynch, through his father—the holder of the policy under which UIM benefits are sought—in no way had control over the amount of liability coverage available under the neighbor's insurance policy.

This appears to be just the situation for which UIM coverage is intended, namely, that the owner of another vehicle will have failed to purchase adequate liability insurance. See *Meyer*, 371 N.W.2d at 537 (stating that UIM coverage is included for situations where a "negligent driver of another vehicle" fails to purchase adequate liability insurance). Though the court in *Meyer* chose the words "negligent driver of another vehicle" rather than "owner of another vehicle," it does not follow that the *Meyer* court contemplated that the negligent driver would not also be the owner of the vehicle. This is because it is the owner of the vehicle, not the driver of a vehicle, who has the power to purchase or to "fail to purchase" adequate liability insurance.

Finally, American Family argues that *Lahr* holds that, even in the absence of an exclusion, "where only one car is involved or at fault, an injured passenger cannot obtain UIM benefits from the driver's insurer." *Lahr*, 528 N.W.2d at 259. But this is dictum. The court in *Lahr* was not faced with a case of a one vehicle accident, but instead a two car collision. This dictum flows from the court's observation that in *Thommen*, the supreme court held that a person cannot convert first-party UIM insurance into third-party liability insurance because such conversion would allow an insured to purchase less expensive UIM coverage in lieu of additional liability coverage. *Thommen*, 437 N.W.2d at 653. But again, the court in *Lahr* presumed that in a one-vehicle accident, the driver would be covered by only one policy. Here, there were two policies from which Ian Lynch could recover.

## DECISION

Recognizing the unique facts of this case, we conclude that the insurance policy, by its plain language, provides UIM coverage to the appellant. In the absence of an applicable exclusionary provision, appellant is entitled to such coverage when he had no control over the amount of direct coverage. Accordingly, we reverse the district court's grant of summary judgment to respondent and conclude that appellant is entitled to receive UIM benefit's under respondent's insurance policy.

**Reversed.**