Tammy PEPPER, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY a/k/a State Farm Fire and Casualty Company a/k/a State Farm Insurance Companies, Respondent.

No. A10–2090.

Court of Appeals of Minnesota.

June 28, 2011.

Alan B. Fish, Rita Fish–Whitlock, Roseau, MN, for appellant.

Karen R. Cote, Brett W. Olander & Associates, St. Paul, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; TOUSSAINT, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Appellant Tammy Pepper disputes the district court's summary judgment dismissing her claim for UIM benefits under a policy issued by respondent State Farm Mutual Automobile Insurance Company (State Farm). Pepper was injured when she was struck by a pickup truck owned and insured by her sister, Tracie Drew, but driven by State Farm's policyholder, Frank Matlachowski, who is Pepper's stepfather. Concluding that the State Farm policy wrongfully excludes UIM coverage for Pepper's claim of benefits from Matlachowski's policy, based on the inadequacy of Drew's liability coverage, we reverse and remand.

## FACTS

Appellant lives with her stepfather, Matlachowski; for purposes of its grant of summary judgment, the district court assumed that appellant is a covered insured under the two auto insurance policies

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

owned by Matlachowski. Drew, the owner of the truck, was insured separately. Matlachowski was backing Drew's truck out of his driveway when the accelerator stuck in an open position. Pepper, who was standing in the driveway, was pushed against a wall, suffering severe injuries.

Drew's policy paid out its liability limit of $100,000, based on the recognition that Drew was primarily at fault for the accident because of poor maintenance of the truck. Matlachowski owned two policies, which covered his liability for vehicles owned or driven by him. Pepper recovered $100,000 under the liability coverage of one of these policies. Because this did not fully compensate her for her damages, Pepper sought UIM benefits from the second policy held by Matlachowski, alleging that Drew was primarily at fault for the accident and that Drew was underinsured.

The State Farm policy that includes the UIM benefits claimed by Pepper extends liability coverage for Matlachowski's "use ... of a newly acquired car, a temporary substitute car or a non-owned car." Under the terms of the policy, Drew's truck was a "non-owned car." The policy excludes from coverage for UIM benefits any vehicle "insured under the liability coverage of this policy." Based on these terms, Matlachowski was driving a car insured for his liability under the policy, and therefore the car was excluded from coverage for UIM benefits.

The issue before us turns on whether this exclusion wrongfully denies benefits statutorily required by Minn.Stat. §§ 65B.41–.71 (2010), the Minnesota No-Fault Automobile Insurance Act (no-fault statute). The district court based its summary judgment decision on precedent establishing that the statute requires UIM coverage when a third party is at fault for the operation of a second vehicle, but denied Pepper's claim because there is no existing authority addressing whether coverage is required when a third-party tortfeasor owns but is not operating the vehicle used by the UIM policyholder.

## ISSUE

Did the district court err in denying UIM benefits when a second tortfeasor owns the underinsured vehicle but the driver is insured for his own liability by the UIM insurer?

## ANALYSIS

### 1. Review Standards

On appeal from summary judgment, we review de novo whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76–77 (Minn.2002). "[S]ummary judgment will be affirmed if it can be sustained on any ground." *Jane Doe 43C v. Diocese of New Ulm,* 787 N.W.2d 680, 686 (Minn.App. 2010). "When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion that we review de novo." *Weston v. McWilliams & Assocs., Inc.*, 716 N.W.2d 634, 638 (Minn. 2006).

### 2. Coverage Conversion

Because we conclude that the circumstances of this case do not involve conversion of coverage purchased by the policyholder, coverage is required by law.

 An insurer's liability is generally determined by the insurance contract, "as long as the policy does not omit coverage required by law and does not violate applicable statutes." *Lynch v. Am. Family Mut. Ins. Co.*, 626 N.W.2d 182, 185 (Minn. 2001) (citations omitted). Minnesota law permits an insurer to deny coverage for

UIM benefits when the insured's claim for benefits results in coverage conversion. *Mitsch v. Am. Nat'l Prop. & Cas. Co.*, 736 N.W.2d 355, 358 (Minn.App.2007), *review denied* (Minn. Oct. 24, 2007). "Coverage conversion occurs when less expensive first-party UIM coverage is used as a substitute for more expensive third-party liability coverage." *Id.*

In its approach to coverage-conversion law, the *Lynch* court discussed precedents upholding UIM exclusions in coverage-conversion circumstances, where an insured attempted "to provide greater protection from his own negligence" than he purchased in the form of liability coverage. 626 N.W.2d. at 187 (quoting *Meyer v. Ill. Farmers Ins. Group*, 371 N.W.2d 535, 537 (Minn.1985)).[1]

An insurer is permitted to "write and enforce any exclusion that precludes ... coverage conversion." *Lynch*, 626 N.W.2d at 189; *see also Meyer*, 371 N.W.2d at 537; *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288, 292 (Minn.1983). In *Meyer*, UIM coverage was implied because the insurer failed to offer coverage, and the supreme court emphasized that even without express policy language, the implied UIM coverage could not be converted to supplement liability coverage when the injury occurred as the result of a single-car accident in which the policyholder was both owner and driver. 371 N.W.2d at 536–37. None of the cases discussing coverage conversion have directly addressed whether an overly broad exclusion might wrongfully omit coverage required by the no-fault statute, when the factual circumstances do not demonstrate an instance of coverage conversion by the insured.

### 3. Multiple Tortfeasors

We recently addressed an exclusion that we concluded was overbroad, wrongfully omitting coverage required by law. *Mitsch*, 736 N.W.2d at 363. In *Mitsch*, the insurer defended the denial of UIM benefits to a passenger after an accident where fault was attributed both to the policyholder and to a second tortfeasor, the driver of a second vehicle. *Id.* at 356–57. Both insurers paid out the liability limits of their respective policies, and the severely injured passenger applied for UIM benefits from the insurer of the motorcycle on which she was a passenger. *Id.* at 357. The insurer denied the application for UIM benefits, however, relying on a "reducing clause," which stated that UIM benefits would be reduced by the amount of a liability claim paid out under its policy. *Id.* at 357.

The *Mitsch* court determined that the UIM-reducing clause violated Minn.Stat. § 65B.49, subd. 4a, when the application for UIM benefits was based on the fault of the second tortfeasor. *Id.* at 363. But the court concluded that there was no conversion when the second tortfeasor was underinsured; UIM benefits are intended to address precisely this circumstance. *Id.*; *see also* Minn.Stat. § 65B.43, subds. 17, 19 (defining an "underinsured motor vehicle" as one whose liability limits are "less than the amount needed to compensate the insured for actual damages," and stating that "underinsured motorist coverage" is "for the protection of persons insured under that coverage who are legally entitled to recover damages for bodily injury from owners or operators of underinsured motor vehicles"). Although the insurance contract generally determines the extent of the insurer's liability, it must not omit

---

1. Despite finding coverage conversion in the circumstances before it, the *Lynch* court upheld payment of UIM benefits because the policy before it did not contain a pertinent exclusion and used language permitted by statute. *Lynch*, 626 N.W.2d at 189–90.

coverage required by law or violate applicable statutes. *Id.* at 358 (citing *Lynch,* 626 N.W.2d at 185).

We addressed a similar issue in *Lahr v. Am. Family Mut. Ins. Co.,* 528 N.W.2d 257, 259 (Minn.App.1995). There, the policy at issue defined "underinsured motor vehicle" to exclude vehicles owned by the insured. *Id.* at 258. The injured passenger received liability compensation from both her driver and the driver of the second car, and then applied for UIM benefits from the owner of the car in which she was a passenger, based on the fault of the second driver. *Id.* We determined that there was no coverage conversion because it was "the other vehicle's lack of sufficient liability coverage [that] trigger[ed] the passenger's claim for UIM benefits from her driver's insurer." *Id.* at 260.

We are faced with a matter of first impression. Both *Lahr* and *Mitsch* dealt with a second tortfeasor driving a second vehicle. Here, we have a second tortfeasor, whose liability is grounded in her ownership of a motor vehicle, but we have no second vehicle. In *Mitsch,* our conversion analysis speaks of "another underinsured tortfeasor," not just a party with insurance for a second vehicle. 763 N.W.2d at 363. State Farm, like the district court, notes the absence of authority going beyond the fact situations in *Lahr* and *Mitsch,* but offers no precedent dealing with the factual situation before us. Rather, State Farm rests on its exclusion, which is framed to prevent UIM coverage on a "motor vehicle" that is "insured under the liability coverage of this policy."

We conclude that this exclusion is overbroad, omitting coverage required by law. Minn.Stat. § 65B.43, subd. 19, which currently defines UIM coverage, states that it is for "the protection of persons insured under that coverage who are legally entitled to recover damages for bodily injury from *owners or operators* of underinsured vehicles." (Emphasis added.) Minn.Stat. § 65B.49, subd. 4a, recognizes that "[i]f a person is injured by two or more vehicles," UIM coverage is payable whenever "any one of those vehicles meets the definition of an underinsured motor vehicle." Read in conjunction with each other, these no-fault provisions demonstrate that fault can be based on either ownership or driving status. But the no-fault statute is silent as to the implications of UIM coverage for fault of the "owner of any underinsured at fault vehicle" when the policy from which the injured party seeks UIM coverage is written to provide liability coverage for the policyholder who is driving, but does not own, the at-fault vehicle.

This policyholder, Matlachowski, paid for both liability and UIM coverage. Under the unique and narrow facts presented here, Pepper was denied the protection of UIM benefits, which she would otherwise receive, despite the underinsured status of the second tortfeasor, Drew. We conclude that the exclusion is overbroad, omitting coverage required by law, if it is read to apply not only to the party whose liability is covered under the policy, but also to the owner of the vehicle who is separately insured and separately at fault. We therefore reverse the district court's summary judgment and remand this matter to the district court for further proceedings. In light of our decision, we do not reach Pepper's alternative coverage arguments.

### 4. Title of the Action

State Farm argues that the separate entities of State Farm Fire and Casualty Company and State Farm Insurance Companies are improperly named because service of process was never made to either company and neither company issued the policies at issue. Pepper's complaint listed

the defendants as "State Farm Mutual Automobile Insurance Company, a/k/a State Farm Fire and Casualty Company, a/k/a State Farm Insurance Companies." The record before this court reflects one named respondent. According to Minn. R. Civ.App. P. 143.01, "[t]he title of the action shall not be changed in consequence of the appeal." State Farm's request for a change in the title of the action should be addressed to the district court.

## DECISION

Because the exclusion in State Farm's policy is overbroad as it is applied to the at-fault owner of the vehicle used when Pepper was injured, we reverse the district court's summary judgment. We remand for determination of the merits of Pepper's claim for UIM benefits.

**Reversed and remanded.**

TOUSSAINT, Judge (dissenting).

I respectfully dissent. The analysis conducted by the majority focuses on whether the present case involves an issue of coverage conversion. But because the plain language of the policy excludes the only vehicle involved in this accident from its definition of an "underinsured motor vehicle" and I believe the policy neither omits coverage required by law nor violates applicable statutes, I would affirm the district court's award of summary judgment. *See Lynch v. Am. Family Mut. Ins. Co.,* 626 N.W.2d 182, 185 (Minn.2001) (stating that an insurer's liability is generally determined by the insurance contract, as long as the relevant insurance policy neither (1) omits coverage that is required by law nor (2) violates applicable statutes).

I agree with the majority's decision that the plain language of the policy prevents Pepper from recovering UIM benefits. But I cannot conclude that the policy exclusion violates Minn.Stat. §§ 65B.41–.71

(2010), the Minnesota No–Fault Automobile Insurance Act. Minnesota caselaw allows for insurance companies to impose limitations on receipt of UIM benefits. *See, e.g., Myers v. State Farm Mut. Auto. Ins. Co.,* 336 N.W.2d 288, 292 (Minn.1983) (holding that insurance policy's exclusion of vehicles owned by, furnished for, or made available for the regular use of the named insured from the definition of an underinsured motor vehicle is valid).

As explained by the majority, we have held that an insurance policy may not prohibit a passenger from recovering UIM benefits from the driver's insurer to the extent that the passenger suffered uncompensated injuries caused by an underinsured motor vehicle and the fault for those injuries was attributable to another motoring tortfeasor, as such a situation presents no risk of impermissible coverage conversion. *Lahr v. Am. Family Mut. Ins. Co.,* 528 N.W.2d 257, 259–260 (Minn.App.1995). We later held that there is no coverage conversion when an injured person seeks UIM benefits from a driver's insurer to cover injuries sustained—and left otherwise uncompensated—as a result of the negligence of another motorist. *Mitsch v. Am. Nat'l Prop. & Cas. Co.,* 736 N.W.2d 355, 363 (Minn.App.2007), *review denied* (Minn. Oct. 24, 2007).

I believe both of these cases are distinguishable. In *Lahr,* we addressed a multi-vehicle accident and held that a passenger may pursue UIM claim against the driver's insurer if the other vehicle was underinsured. 528 N.W.2d at 260. In *Mitsch,* we addressed whether an insurance policy's "reducing clause" that reduced the amount payable for UIM benefits by the liability payments made by an insurer on behalf of another at-fault, underinsured driver was unenforceable. 736 N.W.2d at 358. Furthermore, there was no dispute that the second vehicle involved in the accident in

*Mitsch* met the definition of an "underinsured motor vehicle" under the relevant policy. *Id.* at 362. In the present case, the only vehicle involved in the accident was specifically *excluded* from that definition.

By adopting Pepper's argument, the majority extends the rationale behind the *Lahr* and *Mitsch* decisions to enable an injured party to collect UIM benefits from a driver's insurer based on the alleged negligence of the non-motoring owner of the vehicle. I cannot agree with this extension. While Minnesota courts have allowed injured parties to collect UIM benefits from a driver's insurer, each case where the court has allowed such recovery has involved a vehicle that met the relevant policy's definition of an underinsured motor vehicle.

This court has repeatedly noted that, where only one car is involved or at fault, an injured passenger may *not* obtain UIM benefits from the driver's insurer. *See, e.g., Lahr*, 528 N.W.2d at 259. On appeal after remand, we clarified our ruling in *Lahr* as allowing "a passenger in a *multi-vehicle accident* [to] recover UIM benefits from her driver's insurance if the other driver is underinsured." *Lahr v. Am. Family Mut. Ins. Co.*, 551 N.W.2d 732, 733 (Minn.App.1996) (*Lahr II*) (emphasis added) (discussing holding from initial appeal), *review denied* (Minn. Nov. 15, 1996). Moreover, the commentary relied on in *Mitsch* indicates that "there is no obstacle to collecting both the liability coverage and the underinsured motorist coverage under one single policy" so long as there is another "*motoring* tortfeasor." 736 N.W.2d at 363 (emphasis added) (quoting Theodore J. Smetak, *Underinsured Motorist Coverage in Minnesota: Old Precedents in a New Era*, 24 Wm. Mitchell L.Rev. 857, 902 (1998)). Here, even if the owner of the vehicle was at fault and some portion of

Pepper's injuries were attributable to the negligence of the vehicle's owner, the vehicle's owner is not a *motoring* tortfeasor.

To extend the holding in *Lahr* to allow an injured party to collect UIM benefits from a driver's insurer following a single-vehicle accident—even to the extent that a third party may be liable—requires one to read the language in *Lahr* as repetitive. If the *Lahr* court had meant to restrict its language to situations involving more than one *tortfeasor*—as opposed to more than one *vehicle* or *motoring* tortfeasor—as Pepper argues and the majority holds, there would have been no reason to include the two alternatives of only one "car" being "involved *or* at fault." *Lahr*, 528 N.W.2d at 259 (emphasis added). *Lahr* therefore restricts its holding to situations involving multi-vehicle accidents.

I also disagree with Pepper's assertion, not addressed by the majority, that her status as a pedestrian entitles her to UIM benefits under Minn.Stat. § 65B.49, subd. 3a(5). The supreme court specifically addressed this argument in *Carlson v. Allstate Ins. Co.*, 749 N.W.2d 41 (Minn.2008). *Carlson*—decided nearly seven years after *Holmstrom v. Ill. Farmers Ins. Co.*, 631 N.W.2d 102 (Minn.App.2001), on which Pepper relies—rejected the idea that the statute is intended to define mandatory minimum coverage. 749 N.W.2d at 47. The supreme court therefore concluded that "subdivision 3a(5) constitutes a system of priorities and as such governs the source, not the scope, of coverage." *Id.* at 47 n. 4. Because the policy in this case provides coverage when an insured is injured by an underinsured motor vehicle and specifically excludes vehicles that are provided liability coverage under the policy from the definition of an underinsured motor vehicle, I would conclude that Minn. Stat. § 65B.49, subd. 3a(5), does not entitle Pepper to UIM benefits. *See id.* at 47

(holding that because the policy "by its terms" afforded the injured party no coverage, "neither does Minn.Stat. § 65B.49, subd. 3a(5)").

Because I believe that the plain language of the policy excludes the vehicle involved in the accident from its definition of an underinsured motor vehicle and the policy neither omits coverage required by law nor violates applicable statutes, I would conclude that Pepper is not entitled to UIM benefits under the policy. *See Myers*, 336 N.W.2d at 291 ("Since the car involved in this one-car accident does not meet [the insurer's] policy definition of an 'underinsured motor vehicle' for the purpose of a claim by [an injured party], there is no underinsured motorist coverage unless the policy definition is invalid."). I would therefore affirm the district court's award of summary judgment.